**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**                    **06-CR-345A(Sr)**

          **v.**

**CURTIS GROCE,**

                    **Defendant.**

## DECISION AND ORDER

          This case was referred to the undersigned by the Hon. John T.

Elfvin, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and

report upon dispositive motions.  (Docket # 11).  The case was subsequently

transferred to the Hon. Richard J. Arcara.

## PRELIMINARY STATEMENT

          The defendant, Curtis Groce, is charged in an indictment with violation of

18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Docket #1).  He has filed an omnibus motion[1]

wherein he seeks: (1) "disclosure of the identities of all governmental informants;" (2)

discovery and production of "items" or "information to which the defendant is entitled"

---

[1] Defendant's motion to suppress is addressed in a separate Report, Recommendation and Order.

under Fed. R. Crim. P. 16; (3) "production of Brady material" and "disclosure of witness statements;" (4) "disclosure of evidence pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence ("F.R.E.");" (5) "preservation of rough notes and other evidence;" (6) permission allowing defense counsel to actively participate in voir dire; (7) "pre-trial production of governmental summaries;" (8) permission "to voir dire government experts outside the presence of the jury;" (9) disclosure of grand jury transcripts; and (10) permission "to make other motions." (Docket # 3).

The government has filed its response to the defendant's requests as well as a reciprocal motion pursuant to Rule 16 of the Fed. R. Crim. P.  (Docket # 6).

Each of the aforesaid requests will be addressed herein.

## DISCUSSION AND ANALYSIS

### 1.     Defendant's Request For Disclosure Of The Identities Of All Government Informants

The defendant requests "disclosure of the names, addresses and criminal records of all informants utilized by the government in its investigation of this case." (Docket # 3, p.11).

The defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case."  *United States v. Jiminez*, 789 F.2d 167, 170

(2d Cir. 1986).  As a result, the holding of the Court of Appeals for the Second Circuit in

*United States v. Saa* is dispositive of this request by the defendant wherein the Court

stated:

> The leading Supreme Court case on this question,
> *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623,
> 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's
>> identity, or of the contents of his
>> communication, is relevant and helpful to the
>> defense of an accused, or is essential to the
>> fair determination of a cause, the [informant's]
>> privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628.  The Court explained that
> "no fixed rule with respect to disclosure is justifiable." *Id.* at
> 62, 77 S.Ct. at 628.  What is required is "balancing the
> public interest in protecting the flow of information against
> the individual's right to prepare his defense." *Id.* Whether
> non-disclosure is erroneous "must depend on the particular
> circumstances of each case, taking into consideration the
> crime charged, the possible defenses, the possible
> significance of the informer's testimony, and other relevant
> factors." *Id. See Rugendorf v. United States*, 376 U.S. 528,
> 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United
> States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United
> States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert.
> denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409
> (1973).
>
> The defendant is generally able to establish a right to
> disclosure "where the informant "is a key witness or
> participant in the crime charged, someone whose testimony
> would be significant in determining guilt or innocence."
> *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984);
> *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir.
> 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir.
> 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973).
> In *Roberts*, the informant introduced an undercover agent to
> the defendant and was present when the defendant and the
> agent negotiated and transacted two sales of heroin.  The
> Court, noting that the informant was "present during all the

-3-

> significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id*., and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged.  In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case."  789 F.2d at 170.

859 F.2d 1067, 1073 (2d Cir. 1988); *see also United States v. Fields*, 113 F.3d 313,

324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any

informant's potential testimony is material to his defense, this request is DENIED.

### 2.    Defendant's Request For Rule 16 Fed. R. Crim. P. Discovery Requests

The defendant admits that the government "has provided some voluntary

discovery" but requests "discovery of all items or information to which [he] is entitled."

(Docket #3, p.13).  In response, the government states that it "has fulfilled its obligation

under Rule 16 of the Federal Rules of Evidence" and that it understands that its

obligation is continuing and will comply with the Rule as any new information or material

becomes available.  (Docket #6, p.4).

Based on the government's representations, the defendant's request is DENIED on the basis that it is moot.

> **3.      Defendant's Request For Production of**
> ***Brady* Material and Disclosure of Witness**
> **Statements**

The defendant has made a broad request for immediate production of any and all materials and/or information that would be potentially favorable to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials.  (Docket #3, pp. 14-17 & 19-20).  In response, the government states that it is not currently in possession of "exculpatory" material within the parameters of *Brady*, but acknowledges its continuing duty to produce any such material.  (Docket #6, pp.5-6).  With respect to *Jencks* material, the government agrees to disclose such statements, including grand jury transcripts, in advance of the scheduled suppression hearing.  (Docket #6, p.7).

The defendant's request for immediate production of such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001), by making timely disclosure of any known *Brady* materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant."

*Id*. at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id*. at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**4.     Defendant's Request For Disclosure Of Evidence
         Pursuant To Rules 404(b), 608 and 609 F.R.E.**

The defendant requests pretrial disclosure of all evidence that the government intends to introduce at trial pursuant to Rules 404(b), 608 and 609 F.R.E. and also requests "a pretrial hearing to determine the admissibility of such evidence." (Docket  #3, p.18-19).

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added).  The government states that this will be done, and as a result, defendant's request on this issue is DENIED as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b) and 609 F.R.E. is best left to the determination of the trial judge at the time of trial.

Rule 608 F.R.E. does not contain a required pretrial notice as set forth in Rule 404(b).  Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time.  Therefore, defendant's request in this regard is DENIED.

**5.      Defendant's Request For Preservation Of Rough Notes**

The defendant requests "an order of this Court requiring all government agents and officers who participated in the investigation of the defendant in this case to retain and preserve all rough notes taken as part of their investigation whether or not the contents of the notes are incorporated in official records."  (Docket  #3, p.20).  The defendant "also requests an order of this Court requiring the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence acquired in their (sic) investigation of the defendant."  (Docket  #3, p.20).

The defendant seeks to have all evidence relating in any way to this case preserved.  This is an overly broad request for which there is no legal support and therefore, it is DENIED.  However, in the body of this particular request, it appears that the defendant is attempting to have all potential Rule 16 and *Jencks* materials

preserved.  The express admonition of the Court of Appeals for the Second Circuit

bears repeating in addressing this particular request of the defendant wherein the Court

stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction. *United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

The government is hereby DIRECTED to maintain and preserve all

materials that are known by the government to exist, that constitute potential *Jencks*

and Rule 16, Fed.R.Crim.P. material in this case.

### 6.   Defendant's Request To Allow Active Counsel Participation In *Voir Dire*

Conducting *voir dire* of prospective jurors is a matter normally performed

by the trial judge to whom the case has been assigned.  However, the trial judge has

discretion to allow participation in the *voir dire* process by counsel for the parties in a

manner designated by said trial judge.  *See* Rule 24(a) Federal Rules of Criminal Procedure.  Therefore, defendant's request is DENIED by this Court without prejudice, and it may be renewed by counsel before the trial judge.


### 7.     Defendant's Request For Pre-Trial Production of Government Summaries

In the event that the government intends on introducing into evidence "summaries" pursuant to Rule 1006 of the Federal Rules of Evidence, the defendant seeks an advanced preview of those summaries.  Rule 1006 does not provide for production of such "summaries" within an expressed time period; nor do any of the Rules of Criminal Procedure create such a requirement.  This is an issue that is best left for resolution by the trial judge to whom this case has been assigned, and it can be discussed at the appropriate pre-trial scheduling conference with said trial judge. Therefore, defendant's request is DENIED without prejudice.


### 8.     Defendant's Request To *Voir Dire* Government Experts Outside The Presence Of the Jury

The defendant requests an order pursuant to Rule 104 of the F.R.E. permitting him to "*voir dire* any proposed government experts at trial outside the presence of the jury." (Docket #3, pp.23-24).  This motion is premature and is best left for determination by the trial judge and therefore, said motion is DENIED with the right of the defendant to make it *de novo* at the trial before the trial judge pursuant to Rule 104(a) of the Federal Rules of Evidence.

### 9.      Disclosure of Grand Jury Transcripts

The defendant has moved, pursuant to Rule 6(e)(3)(C)(I) of the Federal Rules of Criminal Procedure "for the disclosure of transcripts of all testimony before and all exhibits considered by the grand jury that indicted" the defendant.  In support of this request, the defendant merely asserts that he "has a particularized need for the transcripts, in order to present a vigorous defense, which outweighs the grand jury policy of secrecy."  (Docket #3, p.24).

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy."  *Pittsburg Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959). The assertion of the defendant as to his "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by him.  It is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provision of 18 U.S.C. § 3500.  It is also pointed out that:

> [A]n indictment valid on its face is not subject
> to challenge on the ground that the grand jury
> acted on the basis of inadequate or
> incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).

### 10.      Defendant's Request To File Additional Motions

The defendant requests permission to file additional motions "which may be necessitated by due process of law, by the Court's ruling on the relief sought herein,

by additional discovery provided by the government or investigation made by the defense, and/or any information provided by the government in response to the defendant's demand."  (Docket #3, p.24).  This request is GRANTED subject to the limitations as contained in the aforesaid quote.


### 11.    The Government's Reciprocal Motion

The government has requested that the defendant permit it to inspect and copy various books, papers, documents, photographs or tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to introduce as evidence-in-chief at the trial or which were prepared by a witness the defendant intends to call at the trial.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.


Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:


This Decision and Order be filed with the Clerk of the Court.


**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

/s/ H. Kenneth Schroeder, Jr.

_____
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**

**DATED:      Buffalo, New York
              January 2, 2008**